## Stong v. Stong

*Robert W. Beatty*, for libellant; *Samuel A. Montgomery*, for respondent.

MacDade, J., September 18, 1931.—A libel was filed herein on February 5, 1930. The same, together with a subpœna in divorce a vinculo matrimonii, was duly served upon the respondent.

The causes alleged for an annulment of the marital contract are within the purview of The Divorce Law of May 2, 1929, P. L. 1237, namely: (1) Indignities; (2) cruel and barbarous treatment; (3) adultery.

The suit was contested and the master, in considering and comparing all the testimony adduced and in applying the law appertaining thereto, has reached the only sensible decision which a prudent master with guarded discretion could legally find as matters of fact and conclusions of law; but, unfortunately, he has failed in two particulars, (1) to comply, as is his duty in the proper discharge of the obligations of a master, with the said Act of Assembly of 1929, with respect to notice to a corespondent designated by name in the libel, to enable such person to attend the hearings and to defend, and (2) to comply with our rule of court to give the parties notice of the filing of the master's report and the allowance of ten days for the filing of exceptions thereto and his opinion thereon before same is filed. Therefore, we are unable to make the final rule absolute and to sign a decree divorcing the parties. However, we shall refer the report back to the master for his further consideration and report, which, when done, we shall be satisfied that the law and the rule of court in the above respects shall have been strictly complied with.

We cannot be too emphatic in the assertion that the duties of libellants and masters must necessarily require them to be alert and diligent in observing the requirements of the aforesaid statute under which these parties get the only privileges they are now exercising, for their remedies for domestic woes are purely statutory. Particularly must section thirty-eight of the said act be complied with, which section is as follows: "Section 38. Notice to Corespondent.—In any case for divorce on the ground of adultery, the libellant shall cause to be served personally, or by registered mail, a notice on any corespondent named and identified in the libel, and, where such corespondent is named and identified first in the testimony, then such notice shall be given before the testimony is closed and an opportunity afforded such corespondent to be heard. Such notice shall set forth that such person was named in the proceedings as corespondent, and designate the time and place of hearing, and shall be served at least ten days previous to the hearing. Proof of the service of such notice shall be filed in the office of the prothonotary."

The purpose of the legislation is most commendable in this respect, for such person (corespondent) should be given an opportunity to be heard and to defend his or her good name from the onslaught, in many instances, of salacious scandal-mongers. In the instant case, no notice has been given this corespondent, whose name was mentioned in the libel, and since the preparation of the report no notice was given him or any of the parties hereto or their counsel of the intended filing of the same, as the rules of court provide.

While the learned master reports that he would recommend an absolute divorce upon the grounds of cruel and barbarous treatment, yet he also reports that all of the above causes have been sustained by the evidence adduced, including adultery, and it is, therefore, unfair to the corespondent whose good name is besmirched by such unsavory testimony without notice to come in to defend his good reputation.

And now, September 18, 1931, the master's report is referred back to him for further consideration and report for failure to comply with the Act of Assembly of 1929 and the rules of court in the particulars aforesaid.

From William R. Toal, Media, Pa.